1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  SAMANTHA D. TAMA, State Bar No. 240280
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5708
     Fax:  (415) 703-5843
8    Email:  Samantha.Tama@doj.ca.gov

9  Attorneys for Defendant Kane

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEJANDRO GONZALEZ,<br><br>                                Plaintiff,<br><br>             v.<br><br>A. P. KANE, WARDEN,<br><br>                                Defendants. | C 06-2988 MJJ<br><br>**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL** |

Following a mediation with The Honorable Magistrate Judge Nandor Vadas, the parties agree as follows:

1. Plaintiff Alejandro Gonzalez (Plaintiff) filed his Complaint on May 3, 2006, and the Court ordered service on Defendant Kane (Defendant), the former warden of the Correctional Training Facility (CTF), on June 16, 2006.  (Ct. Docket # 1 & 4.)

2. In its Order of Service, the Court found cognizable Plaintiff's Eighth Amendment claim of cruel and unusual punishment.  In his Complaint, Plaintiff alleges that when CTF-North Facility goes on lock-down, prison officials assign non-medically cleared inmates the task of distributing food.  A lock-down occurs when inmates' activities are

restricted due to security concerns. Plaintiff complained that this practice of food distribution posed a risk of spreading contagious diseases. Plaintiff sought only injunctive relief and did not request monetary damages.

3. Plaintiff filed an inmate appeal relative to this issue, no. 05-01994, and exhausted this inmate appeal at the Director's Level. The Director's Level decision instructed prison personnel at CTF to "utilize medically cleared inmates in the handling and delivery of meals during Modified Program." Plaintiff alleged in his Complaint that the practice of using non-medically cleared inmates for food delivery had continued notwithstanding the directive from the Inmate Appeals Branch.

4. The California Department of Corrections and Rehabilitation (CDCR) Department Operations Manual, Article 51, section 54080.20 (Health and Safety Law and Regulations) states, in part, that "[a] medical clearance shall be required prior to placing an inmate in a food handling assignment."

5. Defendant Kane filed a motion to stay the briefing schedule and to refer the case to Magistrate Judge Vadas for mediation, and the Court granted Defendant's motion on November 1, 2006.

6. A mediation was held at CTF on November 29, 2006. Present at the mediation were Plaintiff, counsel for Defendant Kane, and Magistrate Judge Vadas.

IN ACCORDANCE WITH MATTERS DISCUSSED BY THE PARTIES AT THE MEDIATION, THE PARTIES STIPULATE AS FOLLOWS:

1. The Warden at CTF has implemented a process to ensure CTF-North Facility's compliance with CDCR Department Operations Manual, Article 15, section 54080.20, regarding food handling.

2. Specifically, CTF-North Facility prison officials agree that during times of "modified program," or lock-down, they will make their best efforts to use only those inmates for food distribution who are assigned as "food handlers" as their regular job assignment, so long as they are not a member of the particular group on modified program. Additionally, inmates assigned as housing unit porters shall not be used for food

distribution without proof of medical clearance.

3. If a situation arises where Plaintiff believes that non-medically cleared inmates have been assigned to distribute food during modified program, Plaintiff's proper remedy is to file a CDCR form 602 inmate appeal to give CTF prison personnel the opportunity to redress Plaintiff's alleged grievance.

4. Nothing in this agreement shall be construed to extend the Court's jurisdiction over food distribution procedures at CTF-North Facility.

5. Plaintiff agrees to the voluntary dismissal with prejudice of the above-captioned action under Rule 41(a) of the Federal Rules of Civil Procedure.

6. Plaintiff expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but which he does not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect his decision to enter into this settlement agreement. Plaintiff has read the contents of Section 1542 of the Civil Code of the State of California, and he expressly waives the benefits of this section. Section 1542 reads as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

7. Defendant agrees to reimburse Plaintiff for his expenses borne during the litigation of this action, in the amount of $30.00.

8. This agreement does not constitute an admission of liability or any wrongdoing on behalf of any party.

///
///

9. This stipulation shall constitute the entire agreement between the parties arising from the allegations alleged in this action, and it is expressly understood and agreed that this stipulation has been freely and voluntarily entered into by both parties. It may not be altered, amended, modified, or otherwise changed in any respect except by writing duly executed by the parties to this agreement.

IT IS SO STIPULATED.

Dated: ~~April~~ MAY 1st, 2007

_____
Alejandro Gonzalez, Plaintiff

Dated: April 24, 2007

_____
Ben Curry
Warden, Correctional Training Facility

Dated: April 3, 2007

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

_____
SAMANTHA D. TAMA
Deputy Attorney General
Attorneys for Defendant Kane

IT IS SO ORDERED.

Dated: 7/6/2007

_____
The Honorable Martin J. Jenkins
United States District Court Judge

20073415.wpd
SF2006200450

Stip. & [Prop.] Order Dismissal

*Gonzalez v. A. P. Kane*
C 06-2988 MJJ

4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Gonzalez v. A. P. Kane**

No.:   **C 06-2988 MJJ**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 29, 2007, I served the attached

### STIPULATION AND [PROPOSED] ORDER OF DISMISSAL

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Alejandro Gonzalez**
**CTF-North WA-107-L**
**Prisoner Id C-47744**
**P.O. Box 705**
**Soledad, CA 93960-0705**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 29, 2007, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | L. Santos (signature) |
| Declarant | Signature |

20094516.wpd